

**Service of Process Transmittal**
04/28/2021
CT Log Number 539461397

| | |
|---|---|
| **TO:** | David Ball / Speedway Service of Process<br>Speedway Superamerica, LLC<br>500 SPEEDWAY DR<br>ENON, OH 45323-1056 |
| **RE:** | **Process Served in Virginia** |
| **FOR:** | Speedway LLC  (Domestic State: DE) |

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Sophia Admassu, PLTF. vs. Speedway LLC, ETC., DFT. |
| **DOCUMENT(S) SERVED:** | - |
| **COURT/AGENCY:** | None Specified<br>Case # CL20200009879 |
| **NATURE OF ACTION:** | Personal Injury - Failure to Maintain Premises in a Safe Condition |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Glen Allen, VA |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 04/28/2021 at 12:49 |
| **JURISDICTION SERVED :** | Virginia |
| **APPEARANCE OR ANSWER DUE:** | None Specified |
| **ATTORNEY(S) / SENDER(S):** | None Specified |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 04/28/2021, Expected Purge Date: 05/03/2021 |
| | Image SOP |
| | Email Notification,  David Ball / Speedway Service of Process  SpeedwayServiceofProcess@Speedway.com |
| | Email Notification,  Suzanne Gagle  sgagle@MarathonPetroleum.com |
| | Email Notification,  Niccole Thompson  nmthompson@speedway.com |
| | Email Notification,  Melinda Miller  memiller2@speedway.com |
| | Email Notification,  Jana Crosby  jrcrosby@speedway.com |
| **REGISTERED AGENT ADDRESS:** | CT Corporation System<br>4701 Cox Road<br>Suite 285<br>Glen Allen, VA 23060<br>800-448-5350<br>MajorAccountTeam1@wolterskluwer.com |

Page 1 of  2 / MS

**EXHIBIT A**

 CT Corporation

**Service of Process Transmittal**
04/28/2021
CT Log Number 539461397

**TO:** David Ball / Speedway Service of Process
Speedway Superamerica, LLC
500 SPEEDWAY DR
ENON, OH 45323-1056

**RE:** **Process Served in Virginia**

**FOR:** Speedway LLC  (Domestic State: DE)

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.



# PROCESS SERVER DELIVERY DETAILS

**Date:** Wed, Apr 28, 2021

**Server Name:** Deputy Cone

| Entity Served | SPEEDWAY LLC |
|---|---|
| Agent Name | C T CORPORATION SYSTEM |
| Case Number | CL20200009879 |
| Jurisdiction | VA |



COMMONWEALTH OF VIRGINIA
## CIRCUIT COURT OF FAIRFAX COUNTY
4110 CHAIN BRIDGE ROAD
FAIRFAX, VIRGINIA 22030
703-691-7320
(Press 3, Press 1)

Sophia Admassu  vs.  Speedway LLC

CL-2020-0009879

TO:   Speedway LLC
       t/a Speedway #2870; Serve: CT Corporation System, R/A
       4701 Cox Road Suite 285
       Glen Allen VA 23060

### SUMMONS – CIVIL ACTION

The party upon whom this summons and the attached complaint are served is hereby notified that unless within 21 days after such service, response is made by filing in the Clerk's office of this Court a pleading in writing, in proper legal form, the allegations and charges may be taken as admitted and the court may enter an order, judgment or decree against such party either by default or after hearing evidence.

**APPEARANCE IN PERSON IS NOT REQUIRED BY THIS SUMMONS.**

Done in the name of the Commonwealth of Virginia, on April 16, 2021.

JOHN T. FREY, CLERK

By: _____
Deputy Clerk

Plaintiff's Attorney:   Pro Se

**VIRGINIA:**

IN THE CIRCUIT COURT OF FAIRFAX COUNTY

FILED
CIVIL INTAKE
2020 JUL 10 AM 10: 36
JOHN T. FREY
CLERK, CIRCUIT COURT
FAIRFAX, VA

| | |
|---|---|
| Sophia Admassu<br>5500 Holmes Run Parkway<br>Apt. 1618<br>Alexandria, VA 22304<br><br>    Plaintiff,<br><br>v.<br><br>Speedway LLC<br>T/A Speedway #2870<br>7100 Little River Turnpike<br>Annandale, Virginia 22003<br><br>**Serve:** CT Corporation System,<br>*registered agent*<br>4701 Cox Road<br>Suite 285<br>Glen Allen, VA 23060,<br><br>    Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) CASE NO.<br>)<br>)<br>) 2020 09879<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## COMPLAINT

1. Plaintiff Sophia Admassu is an adult resident of Virginia.

2. Upon information and belief, Defendant Speedway LLC, T/A Speedway #2870 is a limited liability company which was at all relevant times doing business in Virginia at 7100 Little River Turnpike, Annandale, Virginia 22003.

3. On or about July 21, 2018, at approximately 8:00 PM, Plaintiff was proceeding as a business invitee into Defendant's store at 7100 Little River Turnpike, Annandale, Virginia 22003 (hereinafter "Defendant's store").

4. Upon information and belief, it was raining at that time and place and/or it had been raining throughout the day of July 21, 2018 at the location of Defendant's store.

5. Upon information and belief, Defendant's store had been open to business invitees throughout the day of July 21, 2018. As persons entered Defendant's store, they were tracking moisture, rainwater and/or foreign substances onto the floor at the entrance/exit of the Defendant's store.

Sophia Admassu v. Speedway, LLC /Complaint/Page 2

6. Defendant failed to place any floor mats, rain mats and/or runners on the floor at the entrance of Defendant's store. Instead, Defendant allowed the moisture, rainwater and/or foreign substances to accumulate directly on the ceramic, porcelain and/or vinyl tile floor at the entrance of Defendant's store.

7. The accumulated moisture, rainwater and/or foreign substances on the floor at the entrance/exit of the Defendant's store created an unsafe, unreasonably dangerous condition in the path that business invitees such as the Plaintiff were forced to take in order to enter the Defendant's store.

8. At the time and place alleged in paragraph 3, the Plaintiff entered the Defendant's store and immediately stepped into the accumulated moisture, rainwater and/or foreign substances, which caused her to slip and fall.

9. The Plaintiff was unable to prevent herself from falling despite the use of reasonable care and caution.

10. The Defendant had a duty to remove the moisture, rainwater and/or foreign substances from the floor and/or a duty to maintain reasonably safe and non-slippery walking surfaces in their store for business invitees like the Plaintiff.

11. Notwithstanding said duty, the Defendant did then and there maintain the premises of its store in a negligent and reckless manner, such that the moisture, rainwater and/or foreign substances were not removed from the floor and were left in the Plaintiff's path.

12. Notwithstanding said duty, the Defendant did then and there fail to maintain reasonably safe and non-slippery walking surfaces in Defendant's store by failing to place rain mats or floor mats at the entrance of the Defendant's store and/or was otherwise negligent as may be adduced during discovery or at trial.

13. The Defendant knew or should have known of the unsafe condition on its floor prior to the time that the Plaintiff slipped and fell.

14. The Defendant knew or should have known that the moisture, rainwater and/or

Sophia Admassu v. Speedway, LLC /Complaint/Page 3

foreign substances on its floor at the entrance of the store involved an unreasonable risk of harm to invitees such as the Plaintiff.

15. Defendant had a duty to warn business invitees such as the Plaintiff of the unsafe condition on its floor at the entrance of Defendant's store.

16. Defendant knew or should have known the unsafe condition was not open and obvious to invitees such as the Plaintiff given the proximity of the condition to the entrance of the store.

17. Plaintiff did not know and had no reason to know of the unsafe condition on the floor at the entrance of Defendant's store and of the risk involved in entering Defendant's store despite the exercise of ordinary care for her own safety.

18. Despite being on actual and/or constructive notice of the unsafe condition, the Defendant failed to warn the Plaintiff of the unsafe condition on the floor at the entrance of Defendant's store.

19. As a direct and proximate result of the Defendant's negligence and failure to warn, the Plaintiff has suffered permanent bodily injury, and has suffered and will continue to suffer pain of body and mind and inconvenience, has incurred and will continue to incur medical expenses and has suffered and will continue to suffer loss of earnings.

WHEREFORE, plaintiff Sophia Admassu demands judgment against defendant Speedway LLC in the amount of Five Hundred Thousand Dollars ($500,000.00) compensatory damages, costs, interest, prejudgment interest and such other relief this Court deems just and proper.

Plaintiff demands trial by jury on all issues in this case.

Sophia Admassu v. Speedway, LLC /Complaint/Page 4

Respectfully submitted,

By: *Justin Lerche*

Justin Lerche, Esq., Bar No. 84110
justin.lerche@flachslaw.com
Jeremy Flachs, Esq., Bar No. 19193
jeremy.flachs@flachslaw.com
Law Offices of Jeremy Flachs
6601 Little River Turnpike, Suite 315
Alexandria, Virginia 22312
(703) 879-1998 phone
(703) 462-9090 facsimile
Attorneys for Plaintiff