IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| SOPHIA ADMASSU, ) | |
| ) | |
| Plaintiff, ) | |
| V. ) | Civil Case No. 1:21-cv-00581 |
| ) | |
| SPEEDWAY LLC, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION

THIS MATTER comes before the Court on Defendant Speedway LLC's Motion for Summary Judgment pursuant to Federal Rule of Civil Procedure 56. On April 16, 2021, Plaintiff filed a lawsuit in the Circuit Court of Fairfax County against Defendant alleging liability for her personal injuries. Defendant removed the case to this Court on May 5, 2021 based on diversity jurisdiction. Defendant filed a Motion for Summary Judgment on October 18, 2021. The Court finds there are no material facts in dispute and that this case is ripe for summary judgment.

Plaintiff Sophia Admassu brought this case against Defendant Speedway LLC seeking to recover for personal injuries she sustained after slipping and falling onto a tile floor at the entrance to a Speedway gas station in Annandale, Virginia on July 21, 2018. Plaintiff alleges that Speedway was negligent in

1

failing to remove water from its entrance, failing to place a mat at the entrance, and failing to adequately warn the Plaintiff about the wet floor. Defendant argues Plaintiff fails to establish a claim for liability against Defendant.

Plaintiff fell on July 21, 2018. It rained on and off all day. It was raining when Plaintiff drove to the Speedway. When she parked and got out of her car around 7:40 p.m., water puddled in the Speedway parking lot. While talking on her cellphone, Plaintiff walked through the rain across Speedway's parking lot to enter the Speedway, causing her shoes to be wet.

A clearly visible puddle encompassing approximately half of the Speedway's entrance had formed inside the Speedway, directly in front of the entrance door. After opening the Speedway door and seeing the water, Plaintiff began to hang up her cellphone while stepping directly into the puddle. Plaintiff immediately slipped and fell onto the tile floor. Defendant's security camera footage shows Plaintiff was looking down at her cellphone when she stepped into the Speedway.

Video footage also shows Defendant had placed at least three signs warning customers to exercise caution due to potentially wet floors which included a sign that was placed directly in front of Plaintiff when she entered the Speedway. Nothing blocked Plaintiff's view of the warning signs. Plaintiff did not take any action to avoid the puddle or take caution

2

despite the rainy conditions and warning signs. Plaintiff claims she did not see the warnings signs because she did not look up or around when she entered.

Under Federal Rule of Civil Procedure 56, a court should grant summary judgment if the pleadings and evidence show that there is no genuine dispute as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). In reviewing a motion for summary judgment, the court views the facts in the light most favorable to the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). Once a motion for summary judgment is properly made, the opposing party has the burden to show that a genuine dispute of material fact exists. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986).

In this case, Plaintiff's liability claim cannot survive a motion for summary judgment. First, Defendant complied with its duty under Virginia law to business invitees by warning Plaintiff of the wet floor. In Virginia, an owner of a real property owes to a business invitee the duty "to exercise reasonable care to make the premises safe." *Gauldin v. Virginia Winn-Dixie, Inc.*, F.2d 167, 169 (4th Cir. 1966). "An owner has an obligation to remedy or warn of defects on its premises of which it has knowledge or should have knowledge." *Hudson v.*

3

*Kroger Co.*, No. 6:06cv046, 2007 U.S. Dist. LEXIS 51941, *5 (W.D. Va. 2007). Here, Speedway fulfilled its obligation to make the premises safe by placing wet floor warning signs in the gas station on the day of Plaintiff's fall.

Plaintiff argues Defendant failed to meet its obligation to business invitees by not having a dry or carpeted entrance. However, there is no such requirement under Virginia law. An owner is not an insurer of the safety of its customers. *Fultz v. Delhaize Am., Inc.*, 278 Va. 84, 89, 677 S.E.2d 272, 274 (2009). The ongoing rain made it difficult for Defendant to keep the Speedway completely dry. Virginia law permitted Defendant to remedy or warn invitees about the hazardous condition, and Defendant warned Plaintiff about the wet floor. Accordingly, Plaintiff's liability claim fails as a matter of law.

Plaintiff's claim also fails because the puddle of water was open and obvious as a matter of law. A person who falls because she neglected to see what an observant person would have seen is contributory negligent as a matter of law. *Hillsville v. Nester*, 215 Va. 4, 6, 205 S.E.2d 398, 399 (1974). Indeed, "[p]atrons…are not allowed to be oblivious to the state of their environment." *Newcomb v. Food Lion*, No. 95-3044, 1996 U.S. App. LEXIS 21439, *5 (4th Cir. 1996). Courts have held that a wet floor presents "an open and obvious hazard that every reasonable person would have noticed and avoided." *Id.*

4

Here, Plaintiff was contributorily negligent because she knew about the wet conditions after walking through the rain to get into the Speedway. Moreover, the puddle at the entrance was open and obvious as Plaintiff was looking down when she entered. Even if she did not see the puddle, she was contributorily negligent by being unobservant of her surroundings.

When an accident occurs because of an open and obvious hazard, "the burden rests upon the party complaining to show conditions outside of herself which prevented [her from] seeing the defect." *Staunton v. Kerr*, 160 Va. 420, 425-26, 168 S.E. 326, 328 (1933). Here, Plaintiff failed to present any evidence that any conditions outside of herself prevented her from seeing the puddle. Thus, Plaintiff was contributorily negligent and barred from recovery.

Plaintiff's case also fails because she assumed the risk of stepping onto a tile floor on a rainy day. In Virginia, when "one voluntarily assumes the risk of injury from a known danger, he is debarred from a recovery in negligence cases." *Landes v. Arehart*, 212 Va. 200, 202-03, 183 S.E.2d 127, 129 (1971). A plaintiff that assumes the risk of stepping on a slick surface is barred from recovering damages. *Zowaski v. Speedway*, 185 F. Supp. 3d 881, 887 (W.D. Va. 2016). The puddle was open and obvious to her. However, she did not exercise any reasonable care walking out of the rain or upon stepping into a puddle on a

5

tile floor. Accordingly, Plaintiff is barred from recovering damages as she assumed the risk of walking on wet tile.

Finally, Plaintiff cannot prove Defendant proximately caused Plaintiff's injuries. Virginia follows the 'but for' rule of proximate causation, which means a defendant is not liable unless the harm would not have occurred but for the defendant's act. *Zowaski*, 85 F. Supp. 3d 888-889. A plaintiff must prove why and how the incident happened and cannot recover if proof makes it equally possible that the injury resulted from a cause outside of the defendant's behavior. *Id*. Here, it is undisputed that Plaintiff walked through the rain immediately before stepping onto a tile floor. Thus, regardless of the water in the Speedway, Plaintiff was likely to have wet feet upon entering. It is just as possible Plaintiff slipped due to her wet feet as from the wet floor. Since it is equally possible the cause of her fall was not Defendant's doing, Plaintiff cannot establish that the Defendant's actions were the proximate cause of her fall and her liability claim fails.

For the foregoing reasons, the Court finds Defendant Speedway LLC's Motion for Summary Judgment should be granted.

/s/ Claude M. Hilton
CLAUDE M. HILTON
UNITED STATES DISTRICT JUDGE

Alexandria, Virginia
January 20, 2022